## (June 12, 1951.)

In the Matter of the Arbitration between IRVING WEISLER, as President of Metal Production and Novelty Workers Union, Local 28-A, A. F. of L., Respondent, and SIDNEY V. BURNS et al., Copartners Doing Business under the Name of C. B. MANUFACTURING COMPANY, Respondents-Appellants. SOPHIE SCHWICK et al., Appellants.

Order affirmed, with $20 costs and disbursements to the petitioner-respondent.

DORE, J. (dissenting). The original election in the Broome Street plant was held on May 18, 1950, and under the one-year rule application could be made on or after May 18, 1951, to have an election for the purpose of deauthorizing or decertifying (13th Annual Report of National Labor Relations Bd, p. 30: *Matter of Riverpoint Finishing Co.* [*United Textile Workers*], 77 N. L. R. B. 1048). In the *Riverpoint* case the National Labor Relations Board said (p. 1049): " Where a new plant and new employees are involved, even where there is an existing contract and no dispute as to the unit, the Board

permits the employees at the plant not in existence at the time the contract was executed to decide the issue as to their representation." (Cf. 15th Annual Report of the National Labor Relations Bd., p. 67.)

In the recent case of *National Labor Relations Bd.* v. *Vulcan Forging Co.* (188 F. 2d 927), a majority of the employees there in question desired to sever their relations with a union; the board, in accordance with its policy of requiring collective bargaining for a year after certification of the union, found the employer guilty of unlawful refusal to bargain. However, the Sixth Circuit refused to enforce the board's order and said (p. 931): "They [the employees] are entitled by law to bargain collectively through a representative of their own choosing. To force them to bargain through a representative which they had repudiated would be depriving them of their right to bargain through the representative of their choice."

On and after May 18, 1951, when the statutory period of paragraph (3) of subdivision (c) of section 9 of the National Labor Relations Act, as amended by the Taft Hartley Act (U. S. Code, tit. 29, § 159), is satisfied, there is no obstacle to the employees-appellants in seeking a decertification or deauthorization of the petitioner-respondent.

The consequences of confirming the award are drastic; viz., directing the employer " forthwith" to discharge all the employees without giving the employees even leave to intervene to show why in their interests the award should not be considered.

On the unique state of facts here presented I dissent and vote to reverse the judgment and order appealed from and to stay the entry of an order on the award to give the parties affected an opportunity to move before the National Labor Relations Board for deauthorization or decertification.

Cohn, Van Voorhis, Shientag and McCurn, JJ., concur in decision; Dore, J. P., dissents in opinion.

Order affirmed, with $20 costs and disbursements to the petitioner-respondent. No opinion.